UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAN RYAN, #787263,

        Plaintiff,

v.                                                         CASE NO. 2:19-cv-12286
                                                         HON. ARTHUR J. TARNOW

G. ROBERT COTTON CORRECTIONAL
FACILITY, MICHIGAN DEPARTMENT
OF CORRECTIONS, STATE OF MICHIGAN,
WARDEN LINDSEY, DEPUTY WARDEN KISOR,
LIBRARY SUPERVISOR ELUM, and RESIDENT
UNIT MANAGER COREY-STRIKER,

        Defendants.
_____/

**ORDER DENYING PLAINTIFF'S SECOND MOTION
FOR RECONSIDERATION (ECF NO. 10),
DISMISSING THE COMPLAINT (ECF NO. 1)
WITHOUT PREJUDICE, AND DENYING
AS MOOT THE MOTION TO AMEND (ECF NO. 5)**

**I. Introduction**

On August 2, 2019, plaintiff Sean Ryan, a state prisoner at the G. Robert Cotton Correctional Facility in Jackson, Michigan, filed a *pro se* complaint and an application to proceed without prepaying the fees or costs for this action. *See* Compl., ECF No. 1, and Application to Proceed without Prepaying Fees or Costs, ECF No. 2. The complaint alleged that state officials were depriving Plaintiff of his right of access to the courts by denying his requests for a Swintec memory

typewriter or a laptop and printer, as well as, large amounts of typing and carbon paper and copies of his medical records. Plaintiff also alleged that the defendants were retaliating and conspiring against him and subjecting him to unnecessary pain and suffering by preventing him from filing a complaint about his medical condition.

Before the Court could rule on Plaintiff's financial application, he filed an amended complaint and a motion to amend the complaint. *See* Mot. to Amend, ECF No. 5, and Am. Compl., ECF No. 6. He stated in his motion to amend that he wanted to amend his complaint by adding three defendants and by articulating the facts and his legal claims more clearly. *See* Mot., ECF No. 5, PageID. 151.

On October 22, 2019, the Court denied Plaintiff's application to proceed without prepaying the filing fee. The Court noted that more than three of Plaintiff's previous civil cases were dismissed as frivolous or for failure to state a claim and, therefore, he was required to pre-pay the filing fee pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g). Although § 1915(g) allows a prisoner to proceed without prepayment of the filing fee if "the prisoner is under imminent danger of serious physical injury," the Court concluded that Plaintiff was not in imminent danger of serious physical injury when he filed his complaint. Accordingly, the Court directed Plaintiff to pay the filing fee within thirty days of the date of the order. *See* Order, ECF No. 7, PageID. 313.

Plaintiff moved for reconsideration, claiming that the order directing him to prepay the filing fee in this case was an abuse of discretion and a violation of clearly established law and the doctrine of *stare decisis*. *See* Objection and Mot. for Reconsideration, ECF No. 8, PageID. 314. On January 10, 2020, the Court denied the motion for reconsideration, but granted Plaintiff an additional thirty days to pay the filing fee. *See* Order, ECF No. 9.

Now before the Court is Plaintiff's second motion for reconsideration, which objects to the Court's previous order and requests clarification of the order. *See* ECF No. 10. Plaintiff contends that he is under imminent danger of serious physical injury, that he is suffering from agonizing tortuous pain, and that the Court erred by relying on records that predated his incarceration.

## II. Analysis

This District's Local Rules provide that:

> [g]enerally, and without restricting the Court's discretion, the Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

LR. 7.1(h)(3). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Hawkins v. Genesys Health Systems*, 704 F.

3

Supp.2d 688, 709 (E.D. Mich. 2010) (quoting *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001)).

Here, Plaintiff objects to the Court's comment in its previous order that Plaintiff's "own exhibits indicate that he is receiving medical care." *See* Order, ECF No. 9, PageID. 331. Plaintiff interprets this comment to mean that the Court was relying on medical records from years that predated his incarceration. That interpretation of the Court's previous order is incorrect. The Court carefully reviewed Plaintiff's medical records and realized that some of the records predated his incarceration. When the Court made the comment that Plaintiff was receiving medical care, the Court was referring to medical care that Plaintiff received *after* he was incarcerated.

Plaintiff also seeks reconsideration on the basis that he is in "imminent danger of serious physical injury" and suffering from "agonizing tortuous pain." The Court considered the "imminent-danger" exception to § 1915(g) in its order denying Plaintiff's application to proceed without prepaying the filing fee (ECF No. 7) and in its order denying Plaintiff's previous motion for reconsideration (ECF No. 9).

The Court will not grant motions for reconsideration that merely present the same issues already ruled upon, LR. 7.1(h)(3), and Plaintiff has not persuaded the Court that it made a palpable defect in its previous orders. Accordingly, the Court

4

**DENIES** Plaintiff's second motion for reconsideration (ECF No. 10), and because he has not prepaid the filing fee, the Court hereby **DISMISSES** the complaint without prejudice. The motion to amend the complaint (ECF No. 5) is **DENIED** as moot.

                                                       _s/Arthur J. Tarnow_____
                                                       ARTHUR J. TARNOW
Dated: March 11, 2020                Senior United States District Judge