UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAN MICHAEL RYAN, #787263,

        Plaintiff,

v.                                      CASE NO. 2:19-cv-12286
                                      HON. ARTHUR J. TARNOW

G. ROBERT COTTON CORRECTIONAL
FACILITY, MICHIGAN DEPARTMENT
OF CORRECTIONS, STATE OF MICHIGAN,
WARDEN LINDSEY, DEPUTY WARDEN KISOR,
LIBRARY SUPERVISOR ELUM, and RESIDENT
UNIT MANAGER COREY-STRIKER,

        Defendants.
_____/

**ORDER (1) RE-OPENING THIS CASE,**

**(2) GRANTING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES AND COSTS,**

**(3) DIRECTING PAYMENT OF THE INITIAL PARTIAL FILING FEE AND SUBSEQUENT PAYMENTS, AND**

**(4) ALLOWING PLAINTIFF TO RENEW HIS MOTION TO AMEND THE COMPLAINT**

In 2019, Plaintiff Sean Michael Ryan, a state prisoner in the custody of the Michigan Department of Corrections, filed a *pro se* civil rights complaint (ECF No. 1) and an application to proceed without prepaying the fees and costs for his complaint (ECF No. 2). The complaint alleged that state officials were depriving Plaintiff of his right of access to the courts by denying his requests for a memory

typewriter or a laptop and printer, large amounts of typing and carbon paper, and copies of his medical records. Plaintiff also alleged that the defendants were retaliating and conspiring against him and subjecting him to unnecessary pain and suffering by preventing him from filing a complaint about his medical condition. Plaintiff subsequently filed a motion to amend his complaint (ECF No. 5) and an amended complaint (ECF No. 6, 6-1).

On October 22, 2019, the Court denied Plaintiff's application to proceed without prepaying the fees or costs for this action, because four of Plaintiff's previous complaints were dismissed as frivolous or for failure to state a claim, and Plaintiff did not appear to be in imminent danger of serious physical injury. (ECF No. 7.) The legal basis for the Court's order was 28 U.S.C. § 1915(g), which states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff filed a motion for reconsideration (ECF No. 8), which the Court denied on January 10, 2020 (ECF No. 9). Petitioner then filed a second motion for reconsideration. (ECF No. 10.) On March 11, 2020, the Court denied the second

motion for reconsideration and dismissed the initial complaint without prejudice because Plaintiff failed to prepay the filing fee. (ECF No. 11.) The Court denied the motion to amend as moot. *Id*.

Plaintiff appealed the Court's order of dismissal, and on December 8, 2020, the United States Court of Appeals for the Sixth Circuit vacated the Court's judgment and remanded the case. The Court of Appeals instructed this Court to grant Plaintiff *in forma pauperis* status, to allow Plaintiff to renew his motion to amend his complaint, and to proceed to the merits of his claims. (ECF No. 23.) With those instructions in mind, the Court rules as follows:

(1) The Clerk of Court shall re-open this case for statistical purposes and reinstate the case on the Court's active docket.

(2) Plaintiff's application to proceed without prepaying the fees and costs (ECF No. 2) is granted.

(3) Ultimately, however, Plaintiff must pay the full filing fee for this action, because he is a prisoner. 28 U.S.C. § 1915(b)(1). To that end, the Court orders the custodian of Plaintiff's trust fund account at the Cotton Correctional Facility in Jackson, Michigan to calculate and, when funds exist, withdraw an initial partial filing fee from Plaintiff's account and to forward this amount to the Clerk of the Court. The initial partial filing fee shall consist of twenty percent (20%) of the greater of (1) the average monthly deposits to Plaintiff's trust fund account or (2) the average monthly balance in Plaintiff's account for the previous six months. *Id*. In subsequent months, or from time to time, the custodian of Plaintiff's trust fund account shall withdraw twenty percent (20%) of the preceding month's income credited to Plaintiff's account and forward those amounts to the Clerk of the Court pursuant to 28 U.S.C. § 1915(b)(2).

(4)   Plaintiff shall have **thirty (30) days** from the date of his receipt of this order to renew his motion to amend his complaint.

IT IS SO ORDERED.

                                           s/Arthur J. Tarnow
                                          ARTHUR J. TARNOW
                                          SENIOR UNITED STATES DISTRICT JUDGE

Dated: January 6, 2021