UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAN MICHAEL RYAN, #787263,

        Plaintiff,

v.                                CASE NO. 2:19-cv-12286
                                HON. VICTORIA A. ROBERTS

G. ROBERT COTTON CORRECTIONAL
FACILITY, MICHIGAN DEPARTMENT
OF CORRECTIONS, STATE OF MICHIGAN,
WARDEN LINDSEY, DEPUTY WARDEN KISOR,
LIBRARY SUPERVISOR ELUM, and RESIDENT
UNIT SUPERVISOR COREY-STRIKER,

        Defendants.
_____/

**<u>OPINION AND ORDER GRANTING PLAINTIFF'S
RENEWED MOTION TO AMEND (ECF NO. 27)
AND
DISMISSING THE G. ROBERT COTTON CORRECTIONAL FACILITY
AND DEFENDANT HEMRY FROM THE AMENDED COMPLAINT</u>**

**I.  Background**

In 2019, Plaintiff Sean Michael Ryan, a state prisoner in the custody of the Michigan Department of Corrections, filed a *pro se* civil rights complaint (ECF No. 1) and an application to proceed without prepaying the fees and costs for his complaint (ECF No. 2). The complaint alleged that state officials were depriving Plaintiff of his right of access to the courts by denying his requests for a memory typewriter or a laptop and printer, large amounts of typing and carbon paper, and

copies of his medical records. Plaintiff also alleged that the defendants were retaliating and conspiring against him and subjecting him to unnecessary pain and suffering by preventing him from filing a complaint about his medical condition. Plaintiff subsequently filed a motion to amend his complaint (ECF No. 5) and an amended complaint (ECF No. 6), which he brought under 42 U.S.C. § 1983, the Americans with Disabilities Act (ADA), the Rehabilitation Act, and Michigan's Elliott Larson Act.

On October 22, 2019, United States District Judge Arthur J. Tarnow denied Plaintiff's application to proceed without prepaying the fees or costs for this action. (ECF No. 7.) The basis for the order was 28 U.S.C. § 1915(g), which states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Judge Tarnow pointed out in his order that four of Plaintiff's previous complaints were dismissed as frivolous or for failure to state a claim and that Plaintiff did not appear to be in imminent danger of serious physical injury.

Plaintiff filed a motion for reconsideration of the order (ECF No. 8), but Judge Tarnow denied the motion (ECF No. 9). When Plaintiff filed a second motion for reconsideration (ECF No. 10), Judge Tarnow denied that motion as well. (ECF No.

11.) He also dismissed the initial complaint without prejudice because Plaintiff failed to prepay the filing fee, and he denied the motion to amend as moot. *Id*.

Plaintiff appealed the order and judgment of dismissal, and on December 8, 2020, the United States Court of Appeals for the Sixth Circuit vacated the District Court's judgment. The Court of Appeals also remanded the case with instructions to grant Plaintiff *in forma pauperis* status, to allow Plaintiff to renew his motion to amend his complaint, and to proceed to the merits of his claims. (ECF No. 23.)

On January 6, 2021, Judge Tarnow re-opened this case, granted Plaintiff's application to proceed without prepaying the fees and costs for his complaint, and gave Plaintiff thirty days to renew his motion to amend his complaint. (ECF No. 25.) Judge Tarnow then disqualified himself from the case, and the Clerk of Court randomly reassigned the case to me. (ECF No. 26.)

Plaintiff recently filed a timely motion to renew his motion to amend. (ECF No. 27.) The Court proceeds to address that motion and the amended complaint which Plaintiff filed on August 26, 2018.

## II. Discussion

### A. The Renewed Motion to Amend

Plaintiff filed his initial complaint on August 2, 2019 (ECF No. 1), and on August 26, 2019, he filed his motion to amend the complaint and the amended complaint. (ECF Nos. 5 and 6.) Plaintiff stated in his motion to amend that he

3

wanted to add three defendants to the case and to explain the facts and his claims more clearly. The three individuals that Plaintiff wants to add as defendants are an assistant resident unit supervisor identified as Patizika, a grievance coordinator identified as Hemry, and a medical records clerk identified as Pullard. (ECF No. 6, PageID.153-154.) Federal Rule of Civil Procedure 15 states:

> A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Plaintiff's complaint was never served on the defendants, and it is the type of pleading that requires an answer. Therefore, Plaintiff may amend the complaint as a matter of course. The Court accepts Plaintiff's amended complaint and will grant Plaintiff's renewed motion to amend his complaint (ECF No. 27).

## B. The Amended Complaint

The Court must screen Plaintiff's amended complaint and dismiss the complaint or any portion of it that is frivolous or malicious, that fails to state a claim for which relief can be granted, or that seeks monetary relief from a defendant who

4

is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Grinter v. Knight*. 532 F.3d 567, 572 (6th Cir. 2008). Although a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (footnote and citations omitted). In other words, "a complaint must contain sufficient factual matter . . . to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556).

A complaint is legally frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The term "frivolous," as used in § 1915, "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id*.

This action was brought in part under 42 U.S.C. § 1983, which "makes 'liable' '[e]very person' who 'under color of' state law 'subjects, or causes to be subjected,' another person 'to the deprivation of any rights, privileges, or immunities secured by the Constitution[.]' " *Pineda v. Hamilton Cty., Ohio*, 977 F.3d 483, 489 (6th Cir. 2020) (quoting the statute). A plaintiff must prove two things to prevail in an action

under § 1983: "(1) that he or she was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting further color of law." *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014).

### 1. The G. Robert Cotton Correctional Facility

The first defendant named in the amended complaint is the G. Robert Cotton Correctional Facility in Jackson, Michigan where Plaintiff is confined. According to Plaintiff, who is disabled, the Facility bears the responsibility of ensuring that he can take advantage of the Facility's services, programs, and benefits and that the Facility's policies and procedures do not violate his constitutional rights. (ECF No. 6, PageID.155, ¶ 5.)

Neither a prison, nor its administrative department, is an entity that can be sued under § 1983. *Douglas v. Gusman*, 567 F. Supp. 2d 877, 892 (E.D. La. 2008); *see also Anderson v. Morgan Cty. Corr. Complex*, No. 15-6344, 2016 WL 9402910, at *1 (6th Cir. Sept. 21, 2016) (unpublished decision stating that "[a] state prison is not a 'person' subject to suit under § 1983").

Furthermore, Plaintiff's claims against the Cotton Correctional Facility are protected in other ways, because he sued the State of Michigan and its Department of Corrections, which are proper defendants under the ADA. *See Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206, 208, 213 (1998) (explaining that Title II of the ADA "prohibits a 'public entity' from discriminating against a 'qualified

individual with a disability' on account of that individual's disability," and that "the plain text of Title II of the ADA unambiguously extends to state prison inmates"); *see also United States v. Georgia*, 546 U.S. 151, 159 (2008) (concluding that Title II of the ADA abrogates state sovereign immunity and that a state inmate who sued the State of Georgia and its Department of Corrections could seek money damages under Title II of the ADA). Accordingly, the Court will dismiss the G. Robert Cotton Correctional Facility from this lawsuit.

### 2. Defendant Hemry

One of the three individuals added as a defendant in the amended complaint is someone with the surname Hemry. Plaintiff alleges that Hemry holds the position of grievance coordinator at the Cotton Correctional Facility and that Hemry's duty is to process his grievances correctly. (ECF No. 6, PageID.157, ¶ 15.) Plaintiff contends that Hemry (i) rejected his grievances and grievance requests in retaliation for Plaintiff's extensive grievance practice, (ii) falsely placed him on modified access to grievances, and (iii) refused to consider any additional grievances based on "court issues." (ECF No. 6, PageID.168-170, ¶¶ 103-109, 114, and PageID.174, ¶¶ D and E.) Plaintiff also appears to allege that Hemry conspired with the other defendants by falsely denying his grievances. *See id*. at PageID.173, ¶ 124.

Prisoners have a First Amendment right to file nonfrivolous grievances against prison officials. *Maben v. Thelen*, 887 F.3d 252, 264 (6th Cir. 2018). But

abusive use of a grievance system is not protected conduct. *Id*. (citing *King v. Zamiara*, 680 F.3d 686, 699 (6th Cir. 2012)), and "[t]he mere denial of a prisoner's grievance states no claim of constitutional dimension." *Alder v. Corr. Med. Servs*., 73 F. App'x 839, 841 (6th Cir. 2003).

Furthermore, the restriction placed on Michigan prisoners who file excessive and meritless grievances "does not deny a Michigan prisoner the right or ability to seek redress for meritorious grievances." *Kennedy v. Tallio*, 20 F. App'x 469, 470 (6th Cir. 2001). Instead, the restriction "entails seeking approval before a grievance may be filed." *Davis v. Martin*, 52 F. App'x 717, 718 (6th Cir. 2002). A claim that placement on modified grievance access violates a prisoner's constitutional right to seek redress of grievances or the right of access to the courts lacks merit. *Kennedy*, 20 F. App'x at 470-71.

To conclude, Plaintiff's allegations that Hemry violated his constitutional rights by denying his grievances, by refusing to file additional grievances about his right of access to the courts, and by restricting his ability to file grievances fails to state a plausible claim for relief. Plaintiff's conspiracy claim against Hemry also lacks merit, given the absence of any evidence that Hemry directly participated in, encouraged, authorized, or acquiesced in the claimed retaliatory acts. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Accordingly, the Court will dismiss Hemry from this action.

## ORDER

For the reasons given above, the Court:

(1) grants Plaintiff's renewed motion to amend his complaint (ECF No. 27) and accepts the amended complaint filed on August 26, 2019; and

(2) dismisses the G. Robert Cotton Correctional Facility and defendant Hemry from this lawsuit.

                         s/ Victoria A. Roberts
                         VICTORIA A. ROBERTS
                         UNITED STATES DISTRICT JUDGE

Dated: 3/22/2021