UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAN MICHAEL RYAN,
        PLAINTIFF,

                                CASE NO. 2:19 -CV- 12286
                                HON. VICTORIA A. ROBERTS

V.

Michigan Dept. Of Corr. et.al,
        DEFENDANTS.

_____

MOTION TO SUPPLEMENT THE AMENDED COMPLAINT UNDER R.R.C.P. 15 (d)


    Plaintiff hereby moves to supplement his amended complaint under F.R.C.P. 15(d) To provide:(1) An additional claim of violation of clearly established first amendment law as established in the UNITED STATES SUPREME COURT CASE BOUNDS V SMITH  97 SCT 1491. To include an additional claim for relief,(2) Plaintiff will also provide further proof of exaustion of the issues in this case,(3) and lastly Plaintiff will Provide Proof that the Defendants actions in denying Plaintiff sufficient paper to draft the initial Complaint and court ordered amended complaint prejudiced Plaintiff as required because the Plaintiffs 1983 medical claim (Case # 2:20 - cv - 1502 was actually dismissed.


Date 2/25/22

                                Respectfully,

                                SEAN RYAN #787263
                                JCF
                                3500 N. ELM
                                JACKSON, MI. 49201


POOR QUALITY ORIGINALS

<u>ISSUE ONE</u>

PLAINTIFFS ADDITIONAL CLAIM OF VIOLATION OF BOUNDS V SMITH

97 SCT 1491

Plaintiff has been charged (as a debit on his account) for almost every piece of
paper, pen, envelope, notary service and all postage to the courts since comming
into MDOC custody,Plaintiff now has almost $13,000.00 in such charged debt on his
inmate account.

In the UNITED STATES SUPREME COURT CASE  <u>BOUNDS V SMITH 97 SCT 1491</u> The Court
Held That "As a component of the State's obligation to ensure meaningful access to
the Courts, "indigent inmates <u>**MUST BE PROVIDED AT STATE EXPENSE**</u> with paper and pen
to draft legal documents with notarial services to authenticate them, and with
stamps to mail them." The Defendants And unknown others have instead of Providing
the Supplies "at state expense" have engaged in a Policy, practice, custom and or
procedure of charging an inmate for these items thus burying the already indigent
inmate under a mountain of Debt. This is done as a means and or tool to attempt
Dissuade Inmates including the Plaintiff from litigating valid constitutional
claims. chargeing the cost of such items to the inmate including the plaintiff by
having a "prisoner benifit fund" pay for the cost then requiring that the inmate
reimburse the expense by placing a debt on the inmates account is not providing
the supplies "at state expense" as the plain language of the United States Supreme
Court stated. "at state expense" is exactly that the State is required to pay for
the items postage and notary services.
Plaintiff has fully exhausted this issue (see exhibit A-1 & 2) Plaintiffs
exhausted step 3 grievance identifier number JCF/21/03/42627b.

2

## RELIEF REQUESTED

Plaintiff hereby requests the following relief:

1) all of the debts to plaintiffs inmate account for the paper, pens, and legal envelopes as well as the notary services and legal postage be removed from plaintiffs account and that Plaintiff not be charged for such items in the future. as long as he is considered indigent.

2) Punative damages for emotional and mental stress from being forced into pauper status due to the unconstitutional charges On Plaintiffs inmate account. In the Ammount of $10.00 per day from 12/29/10 to date.

3) Any other relief the court see fit to grant.

<u>SECOND ISSUE</u>

PLAINTIFFS FURTHER PRROF OF EXAUSTION

As Part of his response to The Defendants claim of failure to exaust PlaintiffProvides the following prrofs:

1) B - 1 & 2 showing that Plaintiffs retalation claims are fully exausted.

2) Exhibits C-1 through C -24 proving complete exaustion of the denial of supplies issue as well as nameing of the defendants

4

<u>ISSUE THREE</u>

UNDENIABLE PROOF THAT THE DEFENDANTS ACTIONS IN DENYING THE PLAINTIFF

THE PAPER HE REQUESTED CAUSED HIS 1983 CLAIM TO BE DISMISSED

THUS DEMONSTRATING THE PREJUDICE NEEDED TO PROVE PLAINTIFF'S DENIAL OF

ACCESS TO THE COURT's CLAIM.

Plaintiffs main claim in this instant case is that the Defendants repeatedly interfered with His access to the Court's right Granted to him by the First amendment by refusing to provide the paper and other legal supplies Plaintiff needed to Properly draft and file the 1983 denial of medical care claim (case Number 2:20 -cv- 1502), That Plaintiff was Pursuing. this Claim included as a part of it a claim Of conspiracy which requires that Plaintiff provide a list of factual actions each individual defendant had taken as a part of the conspiracy. There are 429 Defendants in that case thus Plaintiff would have needed approximately 4 pages for each of these defendants Just to comply with the requirements of a conspiracy claim. 4x429=1,716. That is to say that Plaintiff would have Needed 1,716 pages or paper just to meet the pleading requirements of a Conspiracy claim which are outlined in the case <u>HOOKS V HOOKS 771 F.2D 935,943-44(6th cir. 1985.</u> WHICH HELD "Moreover to state a conspiracy claim under §1983, a Plaintiff must show: (1) a single plan, (2) that the alleged co- conspirator shared in the general conspiratorial objective, and (3) that an overt act was committed in furtherance of the conspiracy that deprived the Plaintiff of his or her civil rights."Further a Plaintiff must Plead the conspiracy with some speciticity" <u>MOLDOWAN V CITY OF WARREN 578 t. 3d 351, 395(6th cir 2009)</u>

This requires that the Plaintiff make a short statement of each overt act one of the 429 defendants in the Above mentioned 1983 claim that Plaintiff was attemptiong to bring which as plaintiff stated above would have required at least

$5$

1,700 pages without those supplies Plaintiff was unable to (1) show the overt acts of each defendant in engaging in the conspiracy, (2) and this also prevented Plaintiff from showing the the Plan as to a particular defendant or all the defendants.

A fact the Court in case #2:20 -cv- 1502 specificlly stated at page id 1275 of ECF No 23 (see attachment D 1-8)Had Plaintiff been provided the Paper that he was requesting he would have been able to Meet all of the Progs and requirements that the Judge in Case #2:20 -cv- 1502. To make matters worse The Judge IN case #2:20 -cv- 1502 ordered Plaintiff to file an amended complaint (to correct the errors in Plaintiffs initial complaint) within 60 days of the order shown in exhibit E 1- 5. and when the Plaintiff showed the order to the Defendants they said they did not care and would not provide more then 10 pages of paper a week. in 60 days that would be only 600 pages and it was not enough to meet the requirements of showing the overt actions and facts as required by law.

Finally while Plaintiff struggled to complete the amended complaint the deadline expired and the Curt issued an order to show cause and denying the out standing motions (See exhibit F - 1-2. in response Plaintiff filed the partially complete amended complaint. and as a result the Court dismissed the Complaint in case # 2:20 -cv- 1502. see exhibit D 1-7. Plaintiff could not even get copies of the amended complaint for service on the defendants see Exhibit E page 1 note 1.

For the reasons and evidence Plaintiff has provided Plaintiff belives this shows an intentional interference with Plaintiffs valid 8th amendment and Mich. constutional art 1§16 claims for conspiratorial depravation of required medical care and infliction of pain and suffering.

The detendants were at all time aware of what the Medical case was about and took steps to intentionally cause Plaintiffs claims to fail.

Had the Detendants supplied the required Paper Plaintiff would have meet the

rrequirements of rule 8 and the conspiracy requirements. but was prevented maliciously by the defendants.

and these newly aquired exhibits prove that Plaintitts 1st amendment right to caccess the courts was violated by the defendants.

## CLOSING

In closing Plaintiff prays the Court allows this supplement.

Date 2/23/22

Respectfully,

SEAN RYAN #787263
JCF
3500 N. ELM
JACKSON, MI. 49201

8

<u>PROOF OF SERVICE</u>

The Undersigned hereby swears under penalty of perjury that on 2/21/22, he placed into the mail VIA the Prison's expedited legal mail system, with First class postage, The included: Motion to supplement the amended complaint to be mailed to the Court and with copies to The Defendants Attorney of record: JOSEPH Y. H (P77390) at P.O.BOX 30217, Lansing, MI. 48909

Respectfully submitted,

Date 2/21/22

SEAN MICHAEL RYAN #787263
IN PRO PER
JCF
3500 N. ELM ST.
Jackson, MI. 49201

sent to step 3 via id mail on 3/22/21

MICHIGAN DEPARTMENT OF CORRECTIONS                                    4835-4248  5/09
**PRISONER/PAROLEE GRIEVANCE APPEAL FORM**          *A-1*                  CSJ-247B

Date Received by Grievance Coordinator          Grievance Identifier: JCF2103 426127b
at Step II: 3/17/21

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.
The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided
with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step
II and Step III.

RECEIVED
MAR 25 2021

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: _____
GC _____ by 3/24/21. If it is not submitted by this date, it will be considered terminated.
Office of Legal Affairs

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's
Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (Print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Sean Ryan | 787263 | JCF | F-7 | 2/29/21 | 3/16/21 |

**STEP II — Reason for Appeal**   I was grieving How The policies were
Being applied To me. I specifically stated "Thus The policy
of Charging For These items as applied To me is
unconstitutional. Thus I Fully complied with pd.
03.02.130 And This Rejection is False and
an attempt By G.C. Henry To cover up Her unconstitutional
actions

RECEIVED MAR 17 2021

**STEP II — Response**

Date Received by
Step II Respondent: 3/18/2021

*See Attached*

NOAH NAGY          [signature]          03/18/2021      Date Returned to
Respondent's Name (Print)   Respondent's Signature   Date          Grievant: 3/19/21

**STEP III — Reason for Appeal**  This grievance grieves the policy as it applies to
me. the conduct is adding more than 13,000$ of illegal charges to
my account. there is no way. that this is not how it is being specifically
applied to me thus this grievance is in compliance with pd 03.02.130

**NOTE: Only a copy of this appeal and the response will be returned to you.**

**STEP III — Director's Response** is attached as a separate sheet.

DISTRIBUTION: White – Process to Step III;  Green, Canary, Pink – Process to Step II;  Goldenrod – Grievant



*A – 2* *FO7*

## STATE OF MICHIGAN
## DEPARTMENT OF CORRECTION
## LANSING

GRETCHEN WHITMER
GOVERNOR

HEIDI E. WASHINGTON
DIRECTOR

### STEP III GRIEVANCE DECISION

Rec #:   1254-85
27B

| | | | |
|---|---|---|---|
| **To Prisoner:** | Ryan | **#:** | 787263 |
| **Current Facility:** | JCF | | |
| **Grievance Identifier:** | JCF-21-03-0426-27B | | |
| **Step III Received:** | 3/25/2021 | | |

Your Step III appeal has been reviewed and considered by the Grievance Section of the Office of Legal Affairs in accordance with PD 03.02.130, "Prisoner/Parolee Grievances".

### THE REJECTION IS UPHELD.

THIS DECISION CANNOT BE APPEALED WITHIN THE DEPARTMENT.   JUN 2 3 2021

**Richard D. Russell, Manager Grievance
Section, Office of Legal Affairs**

CC: Warden, Current Facility:   JCF
        Warden,  Grieved Facility:

GRANDVIEW PLAZA • P.O. BOX 30003 • LANSING, MICHIGAN  48909

MICHIGAN DEPARTMENT OF CORRECTIONS

*B-1*

4835-4248 5/09
CSJ-247B

**PRISONER/PAROLEE GRIEVANCE APPEAL FORM**

Date Received by Grievance Coordinator
at Step II: 3/11/21

Grievance Identifier: UCF 21 1031 428 28C

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.
The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step II and Step III.

RECEIVED
MAR 25 2021
Office of Legal Affairs

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to:
GC by 3/22/21 . If it is not submitted by this date, it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (Print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Sean Ryan | 787263 | JCF | F-7 | 3/11/21 | 3/10/21 |

**STEP II** — Reason for Appeal   Not multiple issues The issue is I am being Retaliated against all other info. was provided in support of this claim in compliance with p.d. 03.02.130.

RECEIVED MAR 11 2021

**STEP II** — Response

Date Received by Step II Respondent: 3/15/2021

*See Attached*

NOAH NAGY

Respondent's Name (Print)      Respondent's Signature      Date 03/19/2021

Date Returned to Grievant: 3/19/21

**STEP III** — Reason for Appeal   again this is not multiple issues it is one and only one   I provided the other information to show the actions being taken in retaliation. if i am being beaten, starved, and tortured for suing an officer it is all one thing retaliation. as is this instant grievance. all of the actions taken are with one goal in mind and thats to retalate against me for litigating my issues, thus this is oneissue

**NOTE: Only a copy of this appeal and the response will be returned to you.**

**STEP III** — Director's Response is attached as a separate sheet.

**DISTRIBUTION:** White – Process to Step III; Green, Canary, Pink – Process to Step II; Goldenrod – Grievant

  

# STATE OF MICHIGAN
## DEPARTMENT OF CORRECTION
### LANSING

GRETCHEN WHITMER
GOVERNOR

HEIDI E. WASHINGTON
DIRECTOR

## STEP III GRIEVANCE DECISION

Rec #:    125496
              28C

| | |
|---|---|
| To Prisoner: | Ryan                    #:  787263 |
| Current Facility: | JCF |
| Grievance Identifier: | JCF-21-03-0428-28C |
| Step III Received: | 3/25/2021 |

Your Step III appeal has been reviewed and considered by the Grievance Section of the Office of Legal Affairs in accordance with PD 03.02.130, "Prisoner/Parolee Grievances".

## THE REJECTION IS UPHELD.

THIS DECISION CANNOT BE APPEALED WITHIN THE DEPARTMENT.   JUN 2 3 2021

**Richard D. Russell, Manager Grievance
Section, Office of Legal Affairs**

CC: Warden, Current Facility:
    Warden, Grieved Facility:   JCF

Sent via [ ]
mail on 3/29/21    C-1

4835-4248 5/09
CSJ-247B

MICHIGAN DEPARTMENT OF CORRECTIONS
**PRISONER/PAROLEE GRIEVANCE APPEAL FORM**

Date Received by Grievance Coordinator
at Step II: 3/19/21

Grievance Identifier: JCF-21-03-477128-C-1

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.
The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step II and Step III.

APR 01 2021

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: _____
6C _____ by 3/29/21 . If it is not submitted by this date, it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (Print first, last)<br>Sean Ryan | Number<br>787263 | Institution<br>JCF | Lock Number<br>F - 7 | Date of Incident<br>3/9/21 | Today's Date<br>3/11/21 |

STEP II — Reason for Appeal    This was a false rejection I am grieving the fact that Elum
is intentionally ignoring a court order by refusing to provide me what I need to comply
any reasonable person would see that would see as i stated that Elum is intentionally trying
to get my litigation dismissed. which is the basis of this grievance. to reject this grievance
as being multiple issues because i mentioned two of the this elum is doing to volate
my first amendment right to access the courts and in retaliation for my suing her is completely
ridicules. the issue in this grievance is elum conduct. not supplies or photocopies.
but apparently once again the real issue is going to be covered up to protect elum from
the consequences of her unconstitutional conduct.

RECEIVED MAR 18 2021

---

**STEP II — Response**

See Attached

| Date Received by<br>Step II Respondent:<br>3/22/2021 |

NOAH NAGY                    [signature]                    03/22/2021
Respondent's Name (Print)    Respondent's Signature    Date

| Date Returned to<br>Grievant:<br>3-23-21 |

**STEP III — Reason for Appeal**    Again The issue is Elum Refusing
To provide me The Supplies Necessary To Comply with
The court orders Not Copies and Supplies. I am
grieving The Result of her actions.

---

**NOTE: Only a copy of this appeal and the response will be returned to you.**

**STEP III** — Director's Response is attached as a separate sheet.

DISTRIBUTION: White – Process to Step III; Green, Canary, Pink – Process to Step II; Goldenrod – Grievant



*C-2*                    *F07*

# STATE OF MICHIGAN
# DEPARTMENT OF CORRECTION
## LANSING

GRETCHEN WHITMER
GOVERNOR

HEIDI E. WASHINGTON
DIRECTOR

## STEP III GRIEVANCE DECISION

Rec #:    125729
28C

| | |
|---|---|
| To Prisoner: | Ryan                #:  787263 |
| Current Facility: | JCF |
| Grievance Identifier: | JCF-21-03-0477-28C |
| Step III Received: | 4/1/2021 |

Your Step III appeal has been reviewed and considered by the Grievance Section of the Office of Legal Affairs in accordance with PD 03.02.130, "Prisoner/Parolee Grievances".

## THE REJECTION IS UPHELD.

THIS DECISION CANNOT BE APPEALED WITHIN THE DEPARTMENT.      JUN 2 5 2021

Richard D. Russell, Manager Grievance
Section, Office of Legal Affairs

CC: Warden, Current Facility:   JCF
     Warden, Grieved Facility:

GRANDVIEW PLAZA • P.O. BOX 30003 • LANSING, MICHIGAN  48909



C6                    FO7

# STATE OF MICHIGAN
# DEPARTMENT OF CORRECTION
## LANSING

GRETCHEN WHITMER
GOVERNOR

HEIDI E. WASHINGTON
DIRECTOR

Rec #:    119068
281

## STEP III GRIEVANCE DECISION

| | |
|---|---|
| **To Prisoner:** | Ryan |
| **Current Facility:** | JCF |
| **Grievance Identifier:** | JCF-20-07-1463-28I |
| **Step III Received:** | 8/25/2020 |

**#:** 787263

Your Step III appeal has been reviewed and considered by the Grievance Section of the Office of Legal Affairs in accordance with PD 03.02.130, "Prisoner/Parolee Grievances".

## THE REJECTION IS UPHELD.

THIS DECISION CANNOT BE APPEALED WITHIN THE DEPARTMENT.        OCT 2 0 2020

**Richard D. Russell, Manager Grievance
Section, Office of Legal Affairs**

CC: Warden, Current Facility:   JCF
    Warden,  Grieved Facility:

CS-6   *Placed in mail*   8/17/20

4835-4248 5/09
CSJ-247B

CHIGAN DEPARTMENT OF CORRECTIONS
RISONER/PAROLEE GRIEVANCE APPEAL FORM

Grievance Identifier: JCF-2007 1463 DS

ate Received by Grievance Coordinator
: Step II: 8/13/20

**NSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.
he white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided
vith a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step
I and Step III.

AUG 2 5 2020

f you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: _____
GC   by 8/21/20   If it is not submitted by this date, it will be considered terminated.

if you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's
Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (Print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Sean Ryan | 787263 | JCF | F - 7 | 7/21/20 | 8/11/20 |

**STEP II — Reason for Appeal**

I did attempt to resolve with staff involved. Librartian kaylet was the one who brought me ██████████ the cases And who told me that I would not be getting the paper and carbon paper. she is the one who should have brought the supplies. you are expecting me to jump through made up hoops by saying i failed to resolve with the staff involved. all the librarians are involved. expicilely the one who was suposed to bring the supplies. this is a false rejection designed to cover up the fact that i am being intentionally denied the paper and supplies i need to file a valid lawsuit. a lwa suit that they know will win. because my medical recordds show a clear course of abuse for more then 10 years.

RECEIVED AUG 1 2 2020

Date Received by
Step II Respondent: 8/14/2020

**STEP II — Response**

*See Attached*

NOAH NAGY
Respondent's Name (Print)

Respondent's Signature   08/14/2020   Date

Date Returned to
Grievant: 8/17/2020

**STEP III — Reason for Appeal**

Librarian kaylet who brought me the magor ammount of supplies was the person to resolve this with. and i spoke to her further the wardens step 2 response was incorrect this was no a non grievable issue. and this demonstrates that the named persons as well as warden nagy. and deputy kisor and librarain slum are intetnionally trying to prevent me from filing this lawsuit.

**NOTE: Only a copy of this appeal and the response will be returned to you.**

**STEP III — Director's Response is attached as a separate sheet.**

DISTRIBUTION: White – Process to Step III; Green, Canary, Pink – Process to Step II; Goldenrod – Grievant

*Placed in IO mail 6/19/21*

C-7

4835-4248 5/09
CSJ-247B

MICHIGAN DEPARTMENT OF CORRECTIONS
**PRISONER/PAROLEE GRIEVANCE APPEAL FORM**

Date Received by Grievance Coordinator MAY 10 2021 Grievance Identifier: |S|C|F|2|1|0|4| |0|6|1|9| |1|1|4|D|
at Step II: **5-10-21**

OFFICE ON
RECEIVED MDOC

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.
The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided
with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step
II and Step III.

JUN 24 2021

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: _____
**GC** by **5-11-21**. If it is not submitted by Office of Legal Affairs it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's
Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (Print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| SEAN RYAN | 787263 | jcf | E 7 | 4/1/21 | 5/7/21 |

**STEP II — Reason for Appeal** There are not three issues only one interference with my access

tto the courts By not supplying me with the necessary supplies the staff are

thacwarting my efforts to file the amended complaint only providing me with

some paper is not sufficent paper to comply with the court order and my case
hase 262 defendants in it thus my request is reasonable the staffs decision
can not be based on past cases filed by others the conditions in this case
Are unique and the lack of supplies did in fact cause me to miss the court
ordered deadline putting my casei in jeopardy of dismissal.

**STEP II — Response**

*See Attached*

| Date Received by |
|---|
| Step II Respondent: |
| **5/11/2021** |
| STEP 1 / 2 GRIEVANCE |
| RECEIVED IN GRIEVANCE |
| JUN 14 2021 |

NOAH NAGI                    06/14/2021
_____           _____           _____
Respondent's Name (Print)    Respondent's Signature       Date

| OFFICE ON |
|---|
| Date Returned to |
| Grievant: |
| **6-14-21** |

**STEP III — Reason for Appeal** Because of Not getting The supplies I
Needed. I Just completed ONE copy when I need 3
OF The amended complaint on 6/18/21 almost 2 months
after The court ordered Deadline. thus The above named
persons caused me to miss a deadline They Knew
**NOTE:** Only a copy of this appeal and the response will be returned to you. I had.

**STEP III — Director's Response** is attached as a separate sheet.

DISTRIBUTION: White – Process to Step III; Green, Canary, Pink – Process to Step II; Goldenrod – Grievant





F-07

C8

### STATE OF MICHIGAN
### DEPARTMENT OF CORRECTIONS
### LANSING

GRETCHEN WHITMER
GOVERNOR

HEIDI E. WASHINGTON
DIRECTOR

## STEP III GRIEVANCE DECISION

Rec #:       128074

14D

| To Prisoner: | Ryan | #: 787263 |
|---|---|---|
| Current Facility: | JCF | |
| Grievance Identifier: | JCF-21-04-0619-14D | |
| Step III Received: | 6/24/2021 | |

Your Step III appeal has been reviewed and considered by the Grievance Section of the Office of Legal Affairs in accordance with PD 03.02.130, "Prisoner/Parolee Grievances". Upon examination it has been determined that your issue was in fact considered, investigated, and a proper decision was rendered.

## THE STEP III APPEAL IS DENIED.

THIS DECISION CANNOT BE APPEALED WITHIN THE DEPARTMENT.

Date Mailed:

SEP 2 0 2021

**Richard D. Russell, Manager Grievance
Section, Office of Legal Affairs**

cc: Warden, Filing Facility:   JCF

GRANDVIEW PLAZA • P.O. BOX 30003 • LANSING, MICHIGAN  48909

Seant to step 3 via ID mail on 6/7/21

C 9

4835-4248  5/09
CSJ-247B

MICHIGAN DEPARTMENT OF CORRECTIONS / 2 GRIEVANCE
**PRISONER/PAROLEE GRIEVANCE APPEAL FORM**

Date Received by Grievance Coordinator APR 30 2021 Grievance Identifier: |J|C|F|2|1|0|4| |0|6|2|3| |1|4|D|
at Step II: 4-30-21

OFFICE ON

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.
The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided
with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step
II and Step III.

JUN 1 4 2021

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: _____
____GC____ by 5-7-21. If it is not submitted by this date, it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's
Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (Print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| sean ryan | 787263 | JCF | E 7 | 4/1/21 | 4/28/21 |

**STEP II — Reason for Appeal** My request was a reasonable amount considering the fact that
there are more then 362 defendants and I have to make 3 complete copies of
the amended complaint 1 for me and 2 for the courts. this is a clear
attempt to interfere with my legitimate constitutional litigation and to
force me to limmit the number of defendantrs in my complaint theby
protecting those defendants from litigation for violating my constitutional
right to adequate medical care. further by refusing to provide me the
supplies I reasonably requested the named persons have caused me miss my
court ordered deadline of 4/11/21 for filing the court ordered amended compl
thus putting my litigation in jeopdry of dismisal. for failing to file
the amended complaint in time.

**STEP II — Response**

*See Attached*

| Date Received by Step II Respondent: |
|---|
| 5/1/2021 |

STEP 1 / 2 GRIEVANCE
RECEIVED IN GRIEVANCE

JUN 0 1 2021

OFFICE ON

NOAH NAGY
Respondent's Name (Print)    Respondent's Signature    06/01/2021    Date

| Date Returned to Grievant: 6-1-21 |
|---|

**STEP III — Reason for Appeal**
Look att he ammount of time the court gave me  the file the amended
complaint 6 sheets of carbon paper a week is not enough in fact it is
almost 2 months after the court ordered dus date and I still am not finnished
making the three copies needed to comply with the order. When I told
ELUM that i had 362 defendants she told me to reduce the ammount of
people i am suing. so that i would then have enough supplies thusmy step I a
II still are valid.

**NOTE: Only a copy of this appeal and the response will be returned to you.**

**STEP III** — Director's Response is attached as a separate sheet.

**DISTRIBUTION:** White – Process to Step III;  Green, Canary, Pink – Process to Step II;  Goldenrod – Grievant

F-07



C-10

# STATE OF MICHIGAN
# DEPARTMENT OF CORRECTIONS
## LANSING

GRETCHEN WHITMER
GOVERNOR

HEIDI E. WASHINGTON
DIRECTOR

## STEP III GRIEVANCE DECISION

Rec #:      127889

14D

To Prisoner:                    Ryan                    # 787263
Current Facility:                      JCF

Grievance Identifier:       JCF-21-04-0623-14D

Step III Received:          6/14/2021

Your Step III appeal has been reviewed and considered by the Grievance Section of the Office of Legal Affairs in accordance with PD 03.02.130, "Prisoner/Parolee Grievances". Upon examination it has been determined that your issue was in fact considered, investigated, and a proper decision was rendered.

## THE STEP III APPEAL IS DENIED.

THIS DECISION CANNOT BE APPEALED WITHIN THE DEPARTMENT.

Date Mailed:          SEP 0 8 2021

**Richard D. Russell, Manager Grievance
Section, Office of Legal Affairs**

cc: Warden, Filing Facility:   JCF

sent to step 3 via id mail *Requested. Two times, 4/28/21* C-11
6/3/21 *Did Not Rcive Form until*
MICHIGAN DEPARTMENT OF CORRECTIONS
**PRISONER/PAROLEE GRIEVANCE APPEAL FORM** *4/28/21 C-11*

4835-4248 5/09
CSJ-247B

STEP I GRIEVANCE
RECEIVED IN GRIEVANCE

Date Received by Grievance Coordinator   APR 30 2021  Grievance Identifier: |J|C|F|2|1|0|4| |0|6|5|9| |1|4|D|
at Step II: **4-30-21**

~~OFFICE ON~~

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.
The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step II and Step III.

JUN 14 2021

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: _____
**GC**        by **4-27-21**. If it is not submitted by this date, it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (Print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| SEAN RYAN | 787263 | jcf | 8  7 | 4/6/21 | 4/28/21 |

**STEP II — Reason for Appeal**   the ammount was not unreasonable and alum doid not
state that it was. 200 sheets of paper and 55 sheets of carbon paper were
un reasonable considering the fact that I have over 362 defendats in the
lawsuit further 6 sheets of carbon paper only make 48 copies if iam lucky
so she did not provide me with enough to make 3 copies of the part
of the document that she provided 200 sheets of paper for and only
allowing me 200 sheets of paper and 6 sheets of paper once a week would
take almost 2 years to complete tha amended complaint that i had 2 monthsto

**STEP II — Response**

*See Attached*

Date Received by
Step II Respondent:
5/11/2021

STEP 1 / 2 GRIEVANCE
RECEIVED IN GRIEVANCE

JUN 01 2021

~~OFFICE ON~~
Date Returned to
Grievant:
**6-1-21**

**NOAH NAGY** _____      06/01/2021
Respondent's Name (Print)      Respondent's Signature      Date

**STEP III — Reason for Appeal**      if the library staff are not giving me the supplies i need
then they are intentionally interfering wityh my litigation and
violating my 1st amendment rights

**NOTE:** Only a copy of this appeal and the response will be returned to you.

**STEP III** — Director's Response is attached as a separate sheet.

DISTRIBUTION: White – Process to Step III;  Green, Canary, Pink – Process to Step II;  Goldenrod – Grievant

 

F-

07   C-12

## STATE OF MICHIGAN
## DEPARTMENT OF CORRECTIONS
## LANSING

GRETCHEN WHITMER
GOVERNOR

HEIDI E. WASHINGTON
DIRECTOR

### STEP III GRIEVANCE DECISION

Rec #:     127890

14D

To Prisoner:                    Ryan                        #: 787263

Current Facility:              JCF

Grievance Identifier:          JCF-21-04-0659-14D

Step III Received:             6/14/2021

Your Step III appeal has been reviewed and considered by the Grievance Section of the Office of Legal Affairs in accordance with PD 03.02.130, "Prisoner/Parolee Grievances". Upon examination it has been determined that your issue was in fact considered, investigated, and a proper decision was rendered.

### THE STEP III APPEAL IS DENIED.

THIS DECISION CANNOT BE APPEALED WITHIN THE DEPARTMENT.

Date Mailed:      SEP 0 8 2021

Richard D. Russell, Manager Grievance
Section, Office of Legal Affairs

cc: Warden, Filing Facility:  JCF

GRANDVIEW PLAZA • P.O. BOX 30003 • LANSING, MICHIGAN 48909

sent to step 3 6/7/21      *Requested Thice and*
via 1D mail                *Did Not Recive Form U-70*  4835-4248 5/09
MICHIGAN DEPARTMENT OF CORRECTIONS   2 GRIEVANCE   *4/28/21*   CSJ-247B
**PRISONER/PAROLEE GRIEVANCE APPEAL FORM**

Date Received by Grievance Coordinator APR 30 2021 Grievance Identifier: | S | C | F | 2 | 1 | 0 | 4 | 0 | 6 | 6 | 0 | 1 | 4 | E |
at Step II: 4-30-21

*C-13*

OFFICE ON

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.
The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided
with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step
II and Step III.

JUN 14 2021

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: _____

___GC___ by 4-27-21 . If it is not submitted by this date, it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's
Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (Print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| sean ryan | 787263 | jcf | 8 - 7 | 4/6/11 | 4/28/21 |

**STEP II — Reason for Appeal**
1st off i did not argue the entire time. I did however attempt to resolve
the issue of being denied adequate supplies. and i did do legal research
because i had to show her she was violating the law i showed her several cas
Thus i was exercising my first amendment right to address a grievance.
which is protected first amendment conduct. Thus Flom taking me off of
refusing to place me on the next callout was a first amendment violation
as it was done in response to my attempting to address a grievance

thus this was retaliation!

**STEP II — Response**

*See Attached*

| Date Received by |
| Step II Respondent: |
| 5/1/2021 |
| STEP 1 / 1 GRIEVANCE |
| RECEIVED IN GRIEVANCE |

JUN 01 2021

*NOAH NAGY*                  _____   06/01/2021    OFFICE ON
Respondent's Name (Print)   Respondent's Signature   Date   Date Returned to
                                                              Grievant: 6-1-21

**STEP III — Reason for Appeal**
the grievance policy requires that I attempt to resolve
within 3 days of the discovery of the issue so now its ok to punish
me for complying with that issue i think not step one and 2 stand

**NOTE: Only a copy of this appeal and the response will be returned to you.**

**STEP III** — Director's Response is attached as a separate sheet.

DISTRIBUTION: White – Process to Step III; Green, Canary, Pink – Process to Step II; Goldenrod – Grievant

    C-14

## STATE OF MICHIGAN
## DEPARTMENT OF CORRECTIONS
## LANSING

GRETCHEN WHITMER
GOVERNOR

HEIDI E. WASHINGTON
DIRECTOR

### STEP III GRIEVANCE DECISION

Rec #:   127891
14E

To Prisoner:                    Ryan                    #: 787263

Current Facility:               JCF

Grievance Identifier:           JCF-21-04-0660-14E

Step III Received:              6/14/2021

Your Step III appeal has been reviewed and considered by the Grievance Section of the Office of Legal Affairs in accordance with PD 03.02.130, "Prisoner/Parolee Grievances". Upon examination it has been determined that your issue was in fact considered, investigated, and a proper decision was rendered.

### THE STEP III APPEAL IS DENIED.

THIS DECISION CANNOT BE APPEALED WITHIN THE DEPARTMENT.

Date Mailed:      SEP 0 8 2021

Richard D. Russell, Manager Grievance
Section, Office of Legal Affairs

cc: Warden, Filing Facility:   JCF

GRANDVIEW PLAZA · P.O. BOX 30003 · LANSING, MICHIGAN 48909

Placed in interdepartmental mail on 4/23/21

MICHIGAN DEPARTMENT OF CORRECTIONS
**PRISONER/PAROLEE GRIEVANCE APPEAL FORM**

RECEIVED IN GRIEVANCE

C-15

4835-4248 5/09
CSJ-247B

Date Received by Grievance Coordinator
at Step II: **4-19-21**          APR 19 2021

Grievance Identifier: **JCF21104 | 62II 28A**

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.
The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided
with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step
II and Step III.

RECEIVED MDOC

MAY 03 2021

Office of Legal Affairs

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: _____
_____ **GC** _____ by **4/23/21**. If it is not submitted by this date, it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's
Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (Print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| sean ryan | 787263 | jcf | f  7 | 4/1/21 | 4/14/21 |

**STEP II — Reason for Appeal**    the grievance this grievance was claimed a duplicate

of was rejected and not processed so there is no way this can be a

duplicate. further this is a distinct and septate issue as it is on the

ammount of supplies i need and the fact that i am not being supplied

those supplies in a delibrate attempt to tharwart my litigation

despite the fact that the court rulings state i have to sy everything

that is in my complaint

**STEP II — Response**

*See Attached*

Date Received by
Step II Respondent:
**4/21/2021**

STEP 1/2 GRIEVANCE
RECEIVED IN GRIEVANCE

APR 22 2021

OFFICE ON

_NOAH NAGY_
**Respondent's Name (Print)**

_[signature]_
**Respondent's Signature**

**04/21/2021**
**Date**

Date Returned to
Grievant:
**4-22-21**

**STEP III — Reason for Appeal**

step two stands

---

**NOTE: Only a copy of this appeal and the response will be returned to you.**

---

**STEP III** — Director's Response is attached as a separate sheet.

DISTRIBUTION: White – Process to Step III; Green, Canary, Pink – Process to Step II; Goldenrod – Grievant



*F07*

*C-16*

## STATE OF MICHIGAN
## DEPARTMENT OF CORRECTION
## LANSING

GRETCHEN WHITMER
GOVERNOR

HEIDI E. WASHINGTON
DIRECTOR

### STEP III GRIEVANCE DECISION

Rec #:     126646

28A

| | | | |
|---|---|---|---|
| **To Prisoner:** | Ryan | #: | 787263 |
| **Current Facility:** | JCF | | |
| **Grievance Identifier:** | JCF-21-04-0621-28A | | |
| **Step III Received:** | 5/3/2021 | | |

Your Step III appeal has been reviewed and considered by the Grievance Section of the Office of Legal Affairs in accordance with PD 03.02.130, "Prisoner/Parolee Grievances".

### THE REJECTION IS UPHELD.

THIS DECISION CANNOT BE APPEALED WITHIN THE DEPARTMENT.   **JUL 26 2021**

Richard D. Russell, **Manager Grievance**
Section, Office of Legal Affairs

CC: Warden, Current Facility:   JCF
    Warden, Grieved Facility:   JCF

F-08   C-11

MICHIGAN DEPARTMENT OF
CORRECTIONS

DRFT CSJ-247FD 4/6/2020

## STEP III GRIEVANCE RESPONSE FORM
*(FINAL MDOC DECISION)*

DB Record #: 127689

| Prisoner Last Name: | Prisoner #: | Grievance #: | |
|---|---|---|---|
| Ryan | 787263 | JCF-21-03-0583-28c | |

### SECTION ONE:

☐ **THE STEP II DENIAL IS UPHELD** at Step III.

☐ The Step II response on the merits was only **PARTIALLY RESOLVED**, however, this grievance is now considered **RESOLVED** based on the actions described in **SECTION TWO** below.

☒ **THE STEP II REJECTION IS UPHELD.**

☐ The Step III appeal is **REJECTED** at Step III pursuant to PD 03.02.130 "Prisoner/Parolee Grievances" for the following reason(s):

### SECTION TWO (Describe any further actions taken at Step II to resolve the issue on the merits):

N/A

Richard D. Russell, Manager, Office of Legal Affairs, MDOC

| SIGNATURE: | *R.D. Russell* | DATE MAILED: | **08/17/2021** |
|---|---|---|---|

**Distribution:** Copies to Warden, GC, and prisoner along with the copy of the prisoner's submitted Step III appeal.

PLACED IN INTERDEPARTMENTAL MAIL ON 3/29/21 GT# 127689

MICHIGAN DEPARTMENT OF CORRECTIONS
**PRISONER/PAROLEE GRIEVANCE APPEAL FORM**

C-18

4835-4248 5/09
CSJ-247B

Date Received by Grievance Coordinator at Step II: 4/12/21

Grievance Identifier: JCF 2103 58328C

**INSTRUCTIONS: THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.**

The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step II and Step III.

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: _____
_____ GC _____ by 4/21/21 . If it is not submitted by this date, it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (Print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| SEAN RYAN | 787263 | JCF | F - 7 | 3/25/21 | 3/25/21 |

**STEP II — Reason for Appeal** This was not multiple issues. it was one issue and that

is the fact that this was an attempt to get my litigation dismissed by denying me the supplies i needed to draft and file the amended complaint that the court ordered. i had to show what the named persons were doing to interfere/impede my litigation. so i had to show tyhat they refused to provide me supplies or in the lack of supplies even photocopies. further it is now 4/9/21 2 days to my court ordered deadling. and i have still not been supplies the supplies i needed or photocopies needed to complete the court ordered amended complaint. which per the court order if i do not file on time will result in dismissal of the complaint. Thus there are still ~~settiung up unnecessary hurdles to impede my litigation.~~

**STEP II — Response**

STEP 1/2 GRIEVANCE
RECEIVED IN GRIEVANCE

APR 12 2021

*See Attached*

OFFICE ON

Date Received by,
Step II Respondent:
4/13/2021

NOAH NAGY

Respondent's Name (Print)

Respondent's Signature

04/14/2021

Date

Date Returned to Grievant
4/15/21

**STEP III — Reason for Appeal**

Step two response stands this was not multiple issues it was 1 interfering with my litigation.

**NOTE: Only a copy of this appeal and the response will be returned to you.**

**STEP III** — Director's Response is attached as a separate sheet.

DISTRIBUTION: White – Process to Step III; Green, Canary, Pink – Process to Step II; Goldenrod – Grievant

placed in interdepartmental mail on 4/23/11

MICHIGAN DEPARTMENT OF CORRECTIONS GRIEVANCE                    *C-19*          4835-4248  5/09
**PRISONER/PAROLEE GRIEVANCE APPEAL FORM**                                      CSJ-247B

Date Received by Grievance Coordinator APR 19 2021 Grievance Identifier: ☐ ☐ ☐ F 2 1 1 0 4   1 6 2 2 1 2 8 1 A
at Step II: 4-19-21

OFFICE ON

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.
The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided
with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step
II and Step III.

MAY 03 2021

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to:
_____ GC _____ by 4/23/21 . If it is not submitted by this date, it will be considered terminated.
Office of Legal Affairs

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's
Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (Print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| sean Ryan | 737263 | jcf | f - 7 | 4/1/21 | 4/14/21 |

**STEP II — Reason for Appeal**   This issue was not a duplicate this one is on me

missing my deadline because of the nefarious actions of the staff involved

**STEP II — Response**

See Attached

| Date Received by Step II Respondent: 4/20/2021 |
|---|

STEP 2 / 2 GRIEVANCE
RECEIVED IN GRIEVANCE

APR 22 2021

OFFICE ON

_NOAH NAGY_              [signature]         04/21/2021   | Date Returned to Grievant: 4-22-21 |
Respondent's Name (Print)    Respondent's Signature    Date

**STEP III — Reason for Appeal**
step two stands

---

**NOTE: Only a copy of this appeal and the response will be returned to you.**

---

**STEP III —** Director's Response is attached as a separate sheet.

---

DISTRIBUTION:  White – Process to Step III;  Green, Canary, Pink – Process to Step II;  Goldenrod – Grievant

C-20          FO7

# STATE OF MICHIGAN

GRETCHEN WHITMER
GOVERNOR

# DEPARTMENT OF CORRECTION;
# LANSING

HEIDI E. WASHINGTON
DIRECTOR

### STEP III GRIEVANCE DECISION

Rec #:     126647

28A

| | |
|---|---|
| **To Prisoner:** | Ryan          #:  787263 |
| **Current Facility:** | JCF |
| **Grievance Identifier:** | JCF-21-04-0622-28A |
| **Step III Received:** | 5/3/2021 |

Your Step III appeal has been reviewed and considered by the Grievance Section of the Office of Legal Affairs in accordance with PD 03.02.130, "Prisoner/Parolee Grievances".

**THE REJECTION IS UPHELD.**

THIS DECISION CANNOT BE APPEALED WITHIN THE DEPARTMENT.     JUL 2 6 2021

**Richard D. Russell, Manager Grievance
Section, Office of Legal Affairs**

CC: Warden, Current Facility:   JCF
    Warden,  Grieved Facility:  JCF

placed in interdepartmental mail on 4/23/21

MICHIGAN DEPARTMENT OF CORRECTIONS / GRIEVANCE
**PRISONER/PAROLEE GRIEVANCE APPEAL FORM**

C-21

4835-4248 5/09
CSJ-247B

Date Received by Grievance Coordinator APR 19 2    Grievance Identifier: **JCF 21 1041 1620 28C1**
at Step II: **4-19-21**

## OFFICE ON

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.
The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided
with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step
II and Step III.

RECEIVED - MDOC

MAY 03 2021

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to:
Office of Legal Affairs
**GC** by **4/23/21**. If it is not submitted by this date, it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's
Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (Print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| sean ryan | 787263 | jcf | f - 7 | 4/1/21 | 4/14/21 |

**STEP II — Reason for Appeal**

this is not multiple issues this is on the staff preventing me from
complying with the court order to file an amended complaint by 4/11/21
by refusing to provide me the supplies i need to do so.

**STEP II — Response**

*See Attached*

Date Received by
Step II Respondent: 4/20/2021
RECEIVED IN GRIEVANCE
APR 22 2021
OFFICE ON

**NOAH NAGY**
Respondent's Name (Print)    Respondent's Signature    04/21/2021 Date

Date Returned to
Grievant: 4-22-21

**STEP III — Reason for Appeal**

not multiple issues false rejection

**NOTE: Only a copy of this appeal and the response will be returned to you.**

**STEP III —** Director's Response is attached as a separate sheet.

DISTRIBUTION: White – Process to Step III; Green, Canary, Pink – Process to Step II; Goldenrod – Grievant



 

## STATE OF MICHIGAN
### DEPARTMENT OF CORRECTION
### LANSING

GRETCHEN WHITMER
GOVERNOR

HEIDI E. WASHINGTON
DIRECTOR

**STEP III GRIEVANCE DECISION**

Rec #:   126649
         28C

| | | | |
|---|---|---|---|
| **To Prisoner:** | Ryan | #: | 787263 |
| **Current Facility:** | JCF | | |
| **Grievance Identifier:** | JCF-21-04-0620-28C | | |
| **Step III Received:** | 5/3/2021 | | |

Your Step III appeal has been reviewed and considered by the Grievance Section of the Office of Legal Affairs in accordance with PD 03.02.130, "Prisoner/Parolee Grievances".

**THE REJECTION IS UPHELD.**

THIS DECISION CANNOT BE APPEALED WITHIN THE DEPARTMENT.      JUL 2 6 2021

**Richard D. Russell, Manager Grievance
Section, Office of Legal Affairs**

CC: Warden, Current Facility:    JCF
     Warden, Grieved Facility:

C-3-4 Sent To Step II Via ID Mail
1/5/21

MICHIGAN DEPARTMENT OF CORRECTIONS

**PRISONER/PAROLEE GRIEVANCE APPEAL FORM**

4835-4248 ˜5/09
CSJ-247B

Date Received by Grievance Coordinator
at Step II: **12-20-21**

Grievance Identifier: S C F 2 1 1 2 2 1 7 1 1 2 8 B

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.
The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step II and Step III.

JAN 10 2022

Office of Legal Affairs

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: _____
____ **GC** ____ by **12-28-21** . If it is not submitted by this date, it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (Print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| **Sean Ryan** | **787263** | **JCF** | **F 3** | 12/4/21 | 12/16/21 |

**STEP II** — Reason for Appeal **This is a false rejection designed to protect the grievance coordinaters Fellow employees and is not based in policy or fact. I plainly stated that My 1983 cocomplaint was ordered dismissed by the Court and this was due to the named persons refusing to provide me with sufficent paper to comply with the Court order to file an amended complkaint on the 429 Defendants. this is a clear interference with my access to the courts making it and unconstitutional condition of confinement because it violates my first amendment rights. No rule limits the number of people I can sue in a single lawsuit. and in this case because the Court gave me 60 days to file the amended complaint only providing me with 10 sheets of paper a week clearly violated this order and prevented me from doing so.**
**The Grievance is not vague and to reject it as so violates policy.**

**STEP II** — Response

Date Received by
Step II Respondent:
**12/22/2021**

SEE ATTACHED

Noah Nagy

*(signature)*

**12/22/2021**

Date Returned to
Grievant:
**1-3-22**

R spondent's Name (Print)       Respondent's Signature       Date

**STEP III** — Reason for Appeal   Step I & II Stand Further it was impossible To Clarify without an interview which was Not performed

**NOTE: Only a copy of this appeal and the response will be returned to you.**

**STEP III** — Director's Response is attached as a separate sheet.

DISTRIBUTION: White – Process to Step III; Green, Canary, Pink – Process to Step II; Goldenrod – Grievant



*F-03*



# STATE OF MICHIGAN
## DEPARTMENT OF CORRECTIONS
### LANSING

GRETCHEN WHITMER
GOVERNOR

HEIDI E. WASHINGTON
DIRECTOR

### STEP III GRIEVANCE DECISION

Rec #:    132192

28B

To Prisoner:          Ryan                          #:  787263

Current Facility:     JCF

Grievance Identifier:  JCF-21-12-2171-28B

Step III Received:     1/10/2022

Your Step III appeal has been reviewed and considered by the Grievance Section of the Office of Legal Affairs in accordance with PD 03.02.130, "Prisoner/Parolee Grievances".

### THE REJECTION IS UPHELD.

THIS DECISION CANNOT BE APPEALED WITHIN THE DEPARTMENT.    FEB 0 7 2022

**Richard D. Russell, Manager Grievance
Section, Office of Legal Affairs**

CC: Warden, Current Facility:    JCF
    Warden, Grieved Facility:

GRANDVIEW PLAZA • P.O. BOX 30003 • LANSING, MICHIGAN  48909





GRETCHEN WHITMER
GOVERNOR

# STATE OF MICHIGAN
# DEPARTMENT OF CORRECTIONS
# LANSING

HEIDI E. WASHINGTON
DIRECTOR

## STEP III GRIEVANCE DECISION

Rec #:        128074

14D

To Prisoner: ⸻⸻⸻ Ryan ⸻⸻⸻⸻  #: 787263

Current Facility: ⸻⸻⸻ JCF

Grievance Identifier:        JCF-21-04-0619-14D

Step III Received:        6/24/2021

Your Step III appeal has been reviewed and considered by the Grievance Section of the Office of Legal Affairs in accordance with PD 03.02.130, "Prisoner/Parolee Grievances". Upon examination it has been determined that your issue was in fact considered, investigated, and a proper decision was rendered.

## THE STEP III APPEAL IS DENIED.

THIS DECISION CANNOT BE APPEALED WITHIN THE DEPARTMENT.

**Date Mailed:**

SEP 2 0 2021

_Richard D. Russell_

Richard D. Russell, Manager Grievance
Section, Office of Legal Affairs

cc: Warden, Filing Facility:    JCF

to Grievance coordinator

from Sean Ryan 787263 F - 7   9/11/20

this is my second request for a step one grievance on this issue first one was made

On 9/3/20.

attempt to resolve spoke to librarian slum                    9/3/20

on 9/3/20 I was forced to file a partial incomplete initial $1983 complaint

with the united states district court. because librarin slum, deputy kisor and warden

nagy are refusing to provide me with enough supplies to complet it. violating policy

pd 05.03.118 (H) as well as my first amendment rights which require that the

prison provide indigent inmates such as my self with sufficent supplies to draft and file

court documents. now i had to file an incomplete partial complaint because the above named

persons refused to provide me with sufficent supplies to file this complaint in the

to comply with the statue of limitations on this claim putting my lawsuit in jepordy

of being dismissed.

spoke to librarian ELUM on 9/10/20

from Sean Ryan 787263  ♦ - 7   9/11/20

to grievence coordinator

I spoke to librarian elum on 9/10/20 concerning the insuficent legal supplies
I was being provided and librarian elum told me that she was not going to
provide me with anymore because i was just filing lies anyway. this is a deliberate
interference with my right to access the court as well as a violation of the policy
requiring her to provide me with sufficent supplies to file the initial complaint.
I was already forced to file an incomplete complaint with the court and now need to
file a supplement to finnish out the claims against 366 people. there are 1644 facts
in my initial complaint. and 5 claim of constitutional violations that stem from each
claim. meaning I need enough supplies to supplement the initial complaint with
8,220 addisitonal claims of violation of my constitutional rights. librarian elum
needs ____ ____ ____ ____ __ ___ __ __ _ _____ ____ _ ___ __ __ _____



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAN MICHAEL RYAN, #787263,

        Plaintiff,

                                 CASE NO. 2:20-CV-12502
v.                                 HONORABLE SEAN F. COX

MICHIGAN, et al.,

        Defendants.

_____/

## OPINION AND ORDER DISMISSING AMENDED CIVIL RIGHTS COMPLAINT

**I.    Introduction**

This is a pro se civil rights action brought pursuant to 42 U.S.C. § 1983.  Michigan prisoner

Sean Michael Ryan ("Plaintiff") initially filed a nearly 700-page complaint challenging the medical

care, pain treatment, and accommodations that he has received in multiple state prisons over the last

10 years.  He named more than 360 defendants, including the State of Michigan, the Michigan

Department of Corrections ("MDOC"), Corizon Healthcare, current and former MDOC directors,

prison wardens, prison employees, and medical personnel, and sought injunctive relief and monetary

damages.  ECF No. 1.  The Court granted him leave to proceed without prepayment of the fees and

costs for this action.  ECF No. 10.

In February, 2021, the Court issued a deficiency order informing Plaintiff that his complaint

failed to comply with Rule 8(a) of the Federal Rules of Civil Procedure and giving him 60 days to

file an amended complaint that complies with Rule 8(a) or face dismissal of his case.  ECF No. 11.

Plaintiff did not do so.  Rather, he filed several motions complaining about his inability to obtain

supplies and make copies in order to file an amended complaint and seeking a continuance, a

temporary restraining order, and/or the appointment of counsel.  ECF Nos. 13, 15, 16, 17, 18.  On

October 5, 2021, the Court issued a show cause order requiring Plaintiff to either show cause why this case should not be dismissed based upon his failure to correct the deficiency or file an amended complaint (which would supercede the original complaint) that complies with Rule 8(a) within 60 days. The Court also denied the outstanding motions without prejudice. ECF No. 20.

Shortly thereafter, the Court received an amended complaint dated September 29, 2021. ECF No. 21. In his amended complaint, which is nearly 350 pages with exhibits, Plaintiff alleges that the defendants conspired to deny him proper medical care and accommodations at 12 different prisons over the last 12 years. He names 429 defendants, including the State of Michigan, the Michigan Department of Corrections ("MDOC"), Corizon Healthcare, current and former MDOC directors, prison wardens, prison employees, and medical personnel, and sues them in their official and individual capacities. He seeks various forms of injunctive relief and monetary damages. *Id.*[1]

## II.     Discussion

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

---

[1] The Court notes that Plaintiff did not provide copies for service upon the 429 defendants.

2

A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). This notice pleading standard does not require "detailed" factual allegations, but does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (citations and footnote omitted).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: "(1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). Additionally, a plaintiff must allege that the deprivation of rights was intentional. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986).

Plaintiff's amended complaint suffers from the same Rule 8 problem as his initial complaint, and, at the same time, also fails to allege sufficient facts to state a claim upon which relief may be granted against each of the defendants. As noted, Plaintiff's amended complaint with attachments consist of nearly 350 pages, names 429 defendants (even more than his initial complaint), alleges a conspiracy claim involving his medical care and accommodations at 12 prisons, and spans a 12-

year period (from 2010 to the present).  Federal Rule of Civil Procedure 8(a), however, requires that

a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled

to relief."  Fed. R. Civ. P. 8(a)(2).  A complaint violates Rule 8(a) and is subject to dismissal when

it "is so verbose that the Court cannot identify with clarity the claim(s) of the pleader and adjudicate

such claim(s) understandably on the merits." *Harrell v. Directors of Bureau of Narcotics &

Dangerous Drugs*, 70 F.R.D. 444, 446 (E.D. Tenn. 1975); *see also Plymale v. Freeman*, 930 F.2d

912, 1991 WL 54882, *1 (6th Cir. Apr. 12, 1991) (district court did not abuse its discretion in

dismissing rambling 119-page complaint); *Smith v. Smith*, No. 06-11738, 2006 WL 3511565, *4-6

(E.D. Mich. Dec. 5, 2006) (adopting magistrate judge's report and dismissing prisoner civil rights

complaint for failure to comply with Rule 8(a)(2)); *accord Flayter v. Wisconsin Dep't of Corr.*, 16

F. App'x 507, 509 (7th Cir. 2001) (dismissing 116-page complaint pursuant to Rule 8(a)(2)); *Vicom,

Inc. v. Harbridge Merchant Sys., Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994) (criticizing district court

for declining to dismiss amended complaint with prejudice pursuant to Rule 8(a) and noting that "[a]

complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive

pleading and makes it difficult for the trial court to conduct orderly litigation"); *Jennings v. Emry*,

910 F.2d 1434, 1436 (7th Cir. 1990) (stating that a complaint "must be presented with clarity

sufficient to avoid requiring a district court or opposing party to forever sift through its pages");

*Gordon v. Nebraska State Bar Ass'n*, 717 F.2d 437, 438-39 (8th Cir. 1983) (per curiam) (affirming

dismissal of 98-page complaint where "[t]he style and prolixity of these pleadings would have made

an orderly trial impossible").

Plaintiff's amended complaint against 429 defendants at 12 prisons alleging a conspiracy of

improper medical care and accommodation over a 12-year period fails to comply with Rule 8(a).

While the amended complaint now rests on a conspiracy theory, to review such a claim against so

many defendants at so many prisons over such a lengthy period of time would require delving into each defendant's conduct and a myriad of dates and events which would be difficult, if not impossible, to review.

Moreover, to state a conspiracy claim under § 1983, a plaintiff must show: (1) a single plan, (2) that the alleged co-conspirator shared in the general conspiratorial objective, and (3) that an overt act was committed in furtherance of the conspiracy that deprived the plaintiff of his or her civil rights. *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985); *see also Memphis, TN Area Local v. City of Memphis*, 361 F.3d 898, 905 (6th Cir. 2004). A plaintiff must plead the conspiracy with some specificity. *Moldowan v. City of Warren*, 578 F.3d 351, 395 (6th Cir. 2009).

In this case, Plaintiff's conspiracy claims are vague and conclusory. While Plaintiff alleges that the defendants had a single plan to exclude/cover up the existence of his previously diagnosed conditions and to deprive him of medical care and accommodation, ECF No. 21-1, PageID.1032, he does not allege facts showing any such plan as to any particular defendant or all the defendants. Nonetheless, even if Plaintiff's allegations of a common plan are sufficient, his allegations as to the other two elements are insufficient. While Plaintiff alleges that the defendants shared in the general conspiratorial objective by taking or not taking certain actions, e.g., denying medical care, claiming that he was faking illness, providing inadequate exams, refusing to implement treatment, providing ineffective treatment, failing to provide care and accommodation, ignoring his complaints, failing to document injuries, and failing to respond to his complaints, he alleges no facts showing what any particular defendant did or did not do, when or where those actions or inactions occurred, that any of the defendants had a shared objective, or any other details of his broad-based allegations. *Id.* at PageID.1033-1036. Similarly, while Plaintiff alleges that the defendants took overt actions in furtherance of the conspiracy by refusing to acknowledge his prior conditions, by delaying and

denying medical care, and by falsifying his medical records, he fails to provide any specific facts of such conduct as to any particular defendant, let alone each of the 129 defendants. *Id.* at PageID.1036-1037. Plaintiff's conspiracy allegations are conclusory as to each of the named defendants. Conclusory allegations are insufficient to state a civil rights claim under § 1983, *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-57; *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998); *Moldowan*, 578 F.3d at 390-91, including a conspiracy claim. *See Horton v. Martin*, 137 F. App'x 773 (6th Cir. 2005); *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987); *see also Bell v. Administrative Bd. of Claims*, No. 20-CV-10193, 2020 WL 2525827, *4 (E.D. Mich. May 18, 2020) (dismissing conspiracy claim where allegations against "all defendants" were vague and conclusory). Plaintiff thus fails to state a conspiracy claim against the defendants in his amended complaint.

In sum, Plaintiff has not submitted a clear and concise statement of factual allegations of unconstitutional conduct against each of the defendants. Due to the vast number of defendants, the multiple prisons, and the span of years at issue in his amended complaint, the Court cannot readily ascertain the factual specifics for the conspiracy claim against each of the particular defendants, let alone determine whether such claims are properly exhausted and timely filed. Plaintiff's amended complaint must therefore be dismissed.

## III. Conclusion

For the reasons stated, the Court concludes that Plaintiff's amended complaint must be dismissed for failure to comply with Rule 8(a) and, additionally, for failure to allege sufficient facts to state a conspiracy claim upon which relief may be granted under § 1983 as to each of the defendants. Accordingly, the Court **DISMISSES WITH PREJUDICE** the amended civil rights complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

6

Lastly, the Court concludes that an appeal from this order cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962). This case is closed.

**IT IS SO ORDERED**.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: November 30, 2021



7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAN MICHAEL RYAN, #787263,

              Plaintiff,

                                     CASE NO. 2:20-CV-12502

v.                                  HONORABLE SEAN F. COX

MICHIGAN, et al.,

              Defendants.
_____/

### JUDGMENT

    The above-entitled matter having come before the Court on an amended civil rights complaint brought pursuant to 42 U.S.C. § 1983, the Honorable Sean F. Cox, United States District Judge, presiding, and in accordance with the Opinion and Order entered on this date;

    **IT IS ORDERED AND ADJUDGED** that the amended civil rights complaint is **DISMISSED WITH PREJUDICE.**

                          s/Sean F. Cox
                          Sean F. Cox
                          United States District Judge

Dated:  November 30, 2021

$E1$

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAN MICHAEL RYAN, #787263,

        Plaintiff,

                              CASE NO. 2:20-CV-12502
v.                              HONORABLE SEAN F. COX

MICHIGAN, et al.,

        Defendants.

_____/

## ORDER OF DEFICIENCY FOR FAILURE TO COMPLY
## WITH RULE 8 OF THE FEDERAL RULES OF CIVIL OF PROCEDURE

**I.      INTRODUCTION**

Michigan prisoner Sean Michael Ryan ("Plaintiff"), confined at the G. Robert Cotton
Correctional Facility in Jackson, Michigan, filed a *pro se* civil rights complaint pursuant to 42
U.S.C. § 1983, as well as an application to proceed without prepayment of the filing fee for this
action and a motion to stay the proceedings. In his nearly 700-page complaint, Plaintiff essentially
challenges the medical care, pain treatment, and accommodations that he has received in multiple
state prisons over the last 10 years. He names more than 360 defendants, including the State of
Michigan, the Michigan Department of Corrections ("MDOC"), Corizon Healthcare, current and
former MDOC directors, prison wardens, prison employees, and medical personnel, in this action
and he seeks injunctive relief and monetary damages. ECF No. 1.[1] The Court initially dismissed
the case pursuant to the three strikes rule, ECF No. 4, but has since reconsidered its decision,

---

[1] The Court notes that Plaintiff has not provided copies of his complaint for service upon the
defendants.

*E - 2*

reopened the case, ECF No. 8, and granted Plaintiff leave to proceed without prepayment of the fees and costs for this action. ECF No. 10.

## II. DISCUSSION

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). This notice pleading standard does not require "detailed" factual allegations, but does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

2

E-3

"Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (citations and footnote omitted).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

As noted, Plaintiff's complaint consists of nearly 700 pages, names over 360 defendants, involves allegations concerning his medical care and accommodations and related issues at several prisons, and spans a 10-year period. Federal Rule of Civil Procedure 8(a), however, requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint violates Rule 8(a) and is subject to dismissal when it "is so verbose that the Court cannot identify with clarity the claim(s) of the pleader and adjudicate such claim(s) understandingly on the merits." *Harrell v. Directors of Bureau of Narcotics & Dangerous Drugs*, 70 F.R.D. 444, 446 (E.D. Tenn. 1975); *see also Plymale v. Freeman*, 930 F.2d 919, 1991 WL 54882, *1 (6th Cir. Apr. 12, 1991) (district court did not abuse its discretion in dismissing "rambling" 119-page complaint); *Smith v. Smith*, No. 06-11738, 2006 WL 3511565, *4-6 (E.D. Mich. Dec. 5, 2006) (adopting magistrate judge's report and dismissing prisoner civil rights complaint for failure to comply with Rule 8(a)(2)); *accord Flayter v. Wisconsin Dep't of Corr.*, 16 F. App'x 507, 509 (7th Cir. 2001) (dismissing 116-page complaint pursuant to Rule 8(a)(2)); *Vicom, Inc. v. Harbridge Merchant Svs., Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994) (criticizing district court for declining to dismiss amended complaint with prejudice pursuant to Rule 8(a) and noting that "[a]

*F-4*

complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation); *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990) (stating that a complaint "must be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages"); *Michaelis v. Nebraska State Bar Ass'n*, 717 F.2d 437, 438-39 (8th Cir. 1983) (per curiam) (affirming dismissal of 98-page complaint where "[t]he style and prolixity of these pleadings would have made an orderly trial impossible").

Plaintiff's nearly 700-page complaint against more than 360 defendants at various prisons covering allegations of improper conduct over a 10-year period fails to comply with Rule 8(a). The complaint involves a myriad of claims, dates, and factual allegations against the defendants which are difficult to review. Plaintiff has not submitted a clear and concise statement of factual allegations of unconstitutional conduct against each of the defendants. Due to the voluminous nature of the complaint, the Court cannot readily ascertain the factual specifics for each of Plaintiff's claims or the appropriate defendant/defendants for them, let alone determine whether the claims are properly exhausted and timely filed. Even a cursory review of the complaint is daunting. Neither the Court nor the defendants should be required to sift through almost 700 pages of materials to discern the who, what, and where of Plaintiff's claims and his bases for relief as to 360 defendants. Consequently, Plaintiff's complaint is subject to dismissal for failure to comply with Rule 8(a).[2]

Given that Plaintiff appears to have significant health issues and his complaint involves his medical care and accommodations in prison, however, the Court shall not dismiss the case outright, but shall instead provide Plaintiff with the opportunity to correct his pleading deficiency by filing

---

[2]The Court notes that some claims and/or defendants may also be mis-joined in this civil rights action given the nature and expanse of Plaintiff's claims and the number and location of the defendants. *See* Fed. R. Civ. P. 18(a), 20(a)(2), 21.

an amended complaint that complies with Rule 8(a).

## III.   CONCLUSION

For the reasons stated, the Court concludes that Plaintiff's current civil rights complaint fails to comply with Rule 8(a) and is subject to dismissal. Rather than dismissing this case, however, the Court concludes that Plaintiff should have the opportunity to correct his deficiency by filing an amended complaint. Accordingly, Plaintiff may file an amended civil rights complaint that complies with Rule 8(a) of the Federal Rules of Civil Procedure within **60 DAYS** of the filing date of this order. That complaint will supercede the current complaint. If he does not do so, the Court shall dismiss the current complaint without prejudice for failure to comply with Rule 8(a) and close this case.

**IT IS SO ORDERED**.

                                                    s/Sean F. Cox
                                                    SEAN F. COX
                                                    UNITED STATES DISTRICT JUDGE

Dated:  February 11, 2021

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAN MICHAEL RYAN, #787263,

F — 1

              Plaintiff,

                                 CASE NO. 2:20-CV-12502
                                 HONORABLE SEAN F. COX

v.

MICHIGAN, et al.,

              Defendants.

_____/

## <u>ORDER TO SHOW CAUSE AND DENYING OUTSTANDING MOTIONS</u>

This is a pro se civil rights action brought pursuant to 42 U.S.C. § 1983. Michigan prisoner Sean Michael Ryan ("Plaintiff") has filed a nearly 700-page complaint challenging the medical care, pain treatment, and accommodations that he has received in multiple state prisons over the last 10 years. He names more than 360 defendants, including the State of Michigan, the Michigan Department of Corrections ("MDOC"), Corizon Healthcare, current and former MDOC directors, prison wardens, prison employees, and medical personnel, and seeks injunctive relief and monetary damages. ECF No. 1.[1] The Court has granted him leave to proceed without prepayment of the fees and costs for this action. ECF No. 10.

In February, 2021, the Court issued a deficiency order informing Plaintiff that his complaint fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure and giving him 60 days to file an amended complaint that complies with Rule 8(a) or face dismissal of this case. ECF No. 11. Plaintiff did not do so. Rather, he has filed several motions complaining about his inability to obtain supplies and make copies in order to file an amended complaint. He seeks a continuance, a

---

[1] The Court notes that Plaintiff has not provided copies of his complaint for service upon the defendants.

temporary restraining order, and/or the appointment of counsel. ECF Nos. 13, 15, 16, 17, 18.

Having reviewed the matter, the Court orders Plaintiff to <u>either</u> show cause why this case should not be dismissed based upon his failure to correct the deficiency <u>or</u> file an amended civil rights complaint that complies with Rule 8(a) within **60 DAYS** of the filing date of this order. If he files an amended complaint, that complaint will supercede the current complaint. If he does not respond or correct the deficiency, the Court shall dismiss the current complaint without prejudice for failure to comply with Rule 8(a) and close this case.

Lastly, given that a proper civil rights complaint has yet to be filed in this case and in light of the foregoing order, the Court declines to separately consider Plaintiff's pending motions. *See* Fed. R. Civ. P. 1 (providing that the rules of civil procedure should be employed "to secure the just, speedy, and inexpensive determination of every action and proceeding"); Fed. R. Civ. P. 3 (a civil action is commenced by filing a complaint), Fed. R. Civ. P. 8 (requiring a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought"). Accordingly, the Court denies without prejudice those motions, ECF Nos. 13, 15, 16, 17, 18.

**IT IS SO ORDERED**.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: October 5, 2021

F-2



2/28/22


RECEIVED
MAR 10 2022
CLERK'S OFFICE
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
   OFFICE OF THE CLERK
THEODORE LEVIN UNITED STATES COURTHOUSE
231 WEST LAFAYETTE BLVD. - ROOM 564
DETROIT, MICHIGAN 48226