UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

SEAN RYAN #787263,

    Plaintiff,

v

MICHIGAN DEPARTMENT OF CORRECTIONS, *et al.*,

    Defendants.

NO. 2:19-cv-12286

HON. VICTORIA A. ROBERTS

MAG. ANTHONY P. PATTI

---

Sean Ryan #787263
*In Pro Per*
G. Robert Cotton Correctional Facility
3500 N. Elm Road
Jackson, MI 49201

Joseph Y. Ho (P77390)
Assistant Attorney General
Attorney for MDOC Defendants
MDOC Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055
hoj@michigan.gov

/

## MDOC DEFENDANTS' RESPONSE IN OPPOSITION TO (ECF No. 37) PLAINTIFF'S MOTION TO SUPPLEMENT COMPLAINT

MDOC Defendants, by counsel, issue a brief response to Plaintiff Ryan's (ECF No. 37) Motion to Supplement Complaint. For the reasons set forth below, the Court should deny Ryan's requests to supplement his complaint.

## COUNTER-STATEMENT OF FACTS

Plaintiffs Sean Ryan, a prisoner under the custody of the Michigan Department of Corrections (MDOC), brings this lawsuit challenging the conditions of his confinement at the G. Robert Cotton Correctional Facility (JCF) in Jackson, Michigan.  (ECF No. 1.)  Ryan alleges that JCF staff deprived him of his right of access to the courts by denying his requests for a memory typewriter or a laptop and printer, large amounts of typing and carbon paper, and copies of his medical records; that they retaliated and conspired against him; and that they subjected him to unnecessary pain and suffering by preventing from pursuing a complaint about his medical conditions.  (*Id.*)

Currently pending before the Court is MDOC Defendants' motion for summary judgment on the basis of exhaustion.  (ECF No. 34.)  Ryan requests the following in his motion to supplement:

1. To add an "additional claim of violation of *Bounds v. Smith*," 430 U.S. 817 (1977) (PageID.706–707);

2. To add "further prrof [sic] of exhaustion," i.e., exhibits which purportedly show that he exhausted administrative remedies for his retaliation and access-to-courts claim (PageID.708); and

3. To add "undeniable proof . . . demonstrating the prejudice needed" for his access-to-courts claim (PageID.709–711).

2

(ECF No. 37.) The Court has ordered MDOC Defendants to file a response to Ryan's motion by April 22, 2022. (ECF Nos. 38 & 41.)

## ARGUMENT

Rule 15 of the Federal Rules of Civil Procedure governs motions to supplement a pleading, and provides that a court may "permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Whereas a motion to amend seeks to expand on or add to the allegations made in the original complaint, a motion to supplement seeks to add allegations pertaining to events arising after the original complaint was filed. *Murphy v. Grenier*, No. 07-15248-DT, 2009 WL 1044832, at \*19 (E.D. Mich. Apr. 20, 2009). "However, this is a distinction without a difference, as the standard for granting leave to supplement under Rule 15(d) is identical to the standard governing leave to amend under Rule 15(a)." *Id.* (citing *Spies v. Voinovich*, 48 Fed. App'x 520, 527 (6th Cir. 2002)). In other words, the Court considers essentially the same factors in a motion to supplement as it would in a motion to amend, and may deny such motions where they are brought in bad faith, will result in undue delay or prejudice to the opposing

3

party, or is futile. *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995). The Court has "broad discretion" to allow or deny supplemental pleadings. *Ne. Ohio Coal. for the Homeless v. Husted*, 837 F.3d 612, 625 (6th Cir. 2016). That said, "[t]here must be some relationship or linkage between the claims asserted in the original complaint and the supplemental claims." *Imelmann v. Mich. Dep't of Corrs.*, No. 12-cv-10671, 2012 WL 2917514, at *1 (E.D. Mich. July 17, 2012).

### Response to Request No. 1: Ryan cannot add a viable new claim under *Bounds.*

In *Bounds*, the Supreme Court held that "States must protect the right of prisoners to access to the courts by providing them with law libraries or alternative sources of legal knowledge." 430 U.S. at 817. This is tantamount to the access-to-the-courts claim which Ryan already asserts in his amended complaint. To the extent that Ryan cites *Bounds* for the proposition that the State must *pay for* the litigation costs of the instant civil rights lawsuit, the Supreme Court explicitly disavowed that interpretation of *Bounds* in *Lewis v. Casey* 518 U.S. 343, 354–55 (1996) (string citations and multiple-reporter citations removed for readability; emphasis added):

> It must be acknowledged that several statements in *Bounds* went beyond the right of access recognized in the earlier

4

> cases on which it relied, which was a right to bring to court a grievance that the inmate wished to present[.] These statements appear to suggest that the State must enable the prisoner to discover grievances, and to litigate effectively once in court. *See Bounds*, 430 U.S., at 825–826, and n. 14[.] These elaborations upon the right of access to the courts have no antecedent in our pre-*Bounds* cases, and *we now disclaim them*.

In short, Ryan cannot add a viable new claim under *Bounds*, and the Court should deny his request to add such a claim.

### Response to Request No. 2: The proffered documents are not relevant to the exhaustion issues currently before the Court.

Although the proffered documents are grievance documents, they are irrelevant to the exhaustion issues currently before the Court, namely, whether Ryan exhausted administrative remedies on the claims he filed before August 26, 2019, when he filed his amended complaint. (ECF No. 34.) Accordingly, the Court should deny Ryan's request to add the documents identified in request no. 2; if the Court were to allow Ryan to supplement his amended complaint with the claims he wishes to add in request no. 3 (see below), these documents may be relevant to the issue of whether he exhausted those claims.

### Response to Request No. 3: Ryan's request is futile because he was not prejudiced by the denial of his request for excess pages.

Although Ryan does not explicitly requested it, it appears that Ryan is attempting to add an access-to-the-court claim arising out of the

5

dismissal of his amended complaint in *Ryan v. Michigan* (*Michigan*), No. 2:20-cv-12502, 2021 WL 5585930 (E.D. Mich. Nov. 30, 2021). The Court should deny this request because it is futile.

In *Michigan*, the Court dismissed Ryan's amended complaint for failure to state a claim, because he failed to "plead the conspiracy with some specificity" and his claims were "vague and conclusory." *Michigan*, 2021 WL 5585930 at *5. Ryan argues that his amended complaint failed because he did not have the 1,716 pages he needed to state his claims—and that the Court in *Michigan* recognized the prejudicial effect of the lack of pages (emphasis added):

> In fact the Court in case #2:20 -cv- 1502 specificlly stated at page id 1275 of ECF No 23 (see attachment D 1-8)Had Plaintiff been provided the Paper that he was requesting he would have been able to Meet all of the Progs and requirements that the Judge in Case #2:20 -cv- 1502. To make matters worse The Judge IN case #2:20 -cv- 1502 ordered Plaintiff to file an amended complaint (to correct the errors in Plaintiffs initial complaint) within 60 days of the order shown in exhibit E 1- 5. and when the Plaintiff showed the order to the Defendants they said they did not care and would not provide more then 10 pages of paper a week. in 60 days that would be only 600 pages and it was not enough to meet the requirements of showing the overt actions and facts as required by law.

(ECF No. 37, PageID.709–710.) The *Michigan* Court said no such thing. Although the *Michigan* Court did discuss the page count of Ryan's filings, it was in reference to the excessive nature of these

6

filings. *Michigan*, 2021 WL 5585930 at *1 (describing his 700-page complaint); *id.* at *2 (describing his 350-page amended complaint); *id.* at *3 (same); *id* at *4 (citing cases where various courts dismissed complaints with excessive pages). Ryan was not prejudiced by the fact that he was not able to obtain the 1,716 pages he requested, but by the fact that he was not able to succinctly state a claim within the 350 pages of his rambling amended complaint. The Court should therefore deny Ryan's request to add this claim as futile.

## CONCLUSION AND RELIEF REQUESTED

For the forgoing reasons, the Court should deny Ryan's motion to supplement.

Respectfully submitted,

*/s/ Joseph Y. Ho*
Joseph Y. Ho (P77390)
Assistant Attorney General
Attorney for MDOC Defendants
MDOC Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055
Dated: April 22, 2022        HoJ@michigan.gov

## CERTIFICATE OF SERVICE (E-FILE)

I hereby certify that on April 22, 2022 I electronically filed the *foregoing document(s)* together with this *Certificate of Service* with the Clerk of the Court, which will provide electronic copies to counsel of record a hard copy of same was placed in U.S. Postal mailbox, postage paid, plainly addressed as follows:

Sean Ryan #787263
G. Robert Cotton Correctional Facility
3500 N. Elm Road
Jackson, MI 49201

        */s/ Joseph Y. Ho*
        Joseph Y. Ho (P77390)
        Assistant Attorney General
       Attorney for MDOC Defendants